OWNER–OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al., Plaintiffs,

v.

ARCTIC EXPRESS, INC., et al., Defendants.

Case No. 97–CV–750.

United States District Court, S.D. Ohio, Eastern Division.

Jan. 7, 2003.

James Burdette Helmer, Paul Martins, Helmer, Martins & Morgan, Cincinnati, OH, Paul D. Cullen, Sr., Joyce E. Mayers, The Cullen Law Firm, Washington, DC, for Plaintiffs/Counter–Defendants.

Mark Alan Johnson, Thomas Leslie Long, A Charles Tell, Baker & Hostetler, Columbus, OH, for Defendant/Counter–Claimants.

## OPINION AND ORDER

MARBLEY, District Judge.

### I. INTRODUCTION

This matter is before the Court on the Plaintiffs' Motion to Dismiss Counterclaims Against Absent Class Members. The Plaintiffs filed an Amended Complaint in this action on June 21, 2002. On July 3, 2002, the Defendants filed an Amended Answer, in which, for the first time since this litigation began in 1997, they asserted Counterclaims against absent class members. The Plaintiffs now seek to have those Counterclaims dismissed.

For the following reasons, the Court **GRANTS** the Plaintiffs' Motion to Dismiss Counterclaims Against Absent Class Members.

### II. BACKGROUND

The Plaintiffs, Carl Harp, Garvin Kieth Roberts,[1] Micheal Wiese, and the Owner–Operator Independent Drivers Association, Inc. ("OOIDA"), filed a Complaint with this Court on June 30, 1997, alleging that the forfeiture of required maintenance escrow funds upon early termination of Defendants' lease and lease/purchase agreements violated 49 C.F.R. § 376.12(k) of the federal truth-in-leasing regulations. On April 11, 2000, the Defendants, Arctic Express, Inc. ("Arctic") and D & A Associates, Ltd. ("D & A"), filed their Answer to the Plaintiffs' Complaint and simultaneously brought Counterclaims against the Plaintiffs. D & A brought individual Counterclaims against Plaintiffs Wiese, Roberts, and Harp alleging that each Plaintiff had breached his Lease/Purchase Option. Arctic brought a Counterclaim against Plaintiff Roberts alleging a breach of the Independent Contractor Agreement. On August 2, 2001, this Court issued an Order denying the Plaintiffs' Motion to Dismiss Counterclaims for Lack of Subject Matter Jurisdiction. In its Order, the Court concluded that the Counterclaims asserted against the named Plaintiffs were compulsory, and that, therefore, the Court had pendant jurisdiction over those claims.

On August 30, 2001, the Court denied the Defendants' Motion for Summary Judgment and granted the Plaintiffs' Motion for Partial Summary Judgment, concluding that the Defendants had violated 49 C.F.R. § 376.12(k). Then, on September 6, 2001, the Court granted the Plaintiffs' Motion to Certify this matter as a Class Action. In certifying the class, the Court addressed the issue of whether any counterclaims asserted by the Defendants against the absent class members could

---

1. Currently, Plaintiff Roberts is presumed deceased. By agreement of the parties, he was termed from the litigation on July 9, 2002.

destroy the predominance of common issues. In particular, the Court found as follows:

> In this case, the Defendants have brought counterclaims against the named Plaintiffs, Wiese, Roberts and Harp, but not against the unnamed class members. In addressing the requirements for a compulsory counterclaim, Rule 13 of the Federal Rules of Civil Procedure provides: "A pleadings [sic] shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party...." FED.R.CIV.P. 13(a). The unnamed class members are not an "opposing party" under Rule 13(a), and therefore "[a] court may properly conclude that absent class members are not opposing or litigating adversaries for purposes of Rule 13, and therefore Rule 13 is inapplicable in the class context."  1 HERBERT B. NEWBERG AND ALBA CONTE, NEWBURG ON CLASS ACTIONS § 4.34, at 4–146 to 4–147 (3d ed.1992); *see also Johns v. Rozet*, 141 F.R.D. 211, 219 n. 7 (D.D.C.1992).
>
> Here, the Defendants have brought counterclaims against the named Plaintiffs, but have not brought a counterclaim against the entire class; nor have the Defendants sought to certify a defendant class. It is true that this Court has ruled that the counterclaims against the named Plaintiffs are compulsory, but as the unnamed class members are not "opposing parties," this Court's prior holding does not extend to them. *See Frederick County Fruit Growers Assoc., Inc. v. Dole*, 709 F.Supp. 242, 245–46 (D.D.C.1989) (declining to create a defendant class so that a counterclaim could be asserted against all of the plaintiff class members); *see also Johns*, 141 F.R.D. at 218–19 (finding that the defendant's statement of "possible liability does not join the unnamed members

of the proposed class as counterclaim plaintiffs.").

.        .        .        .        .

> Although this Court concludes that the unnamed class members are not "opposing part[ies]" as contemplated by Rule 13(a), assuming *arguendo* that the unnamed class members are opposing parties, and also assuming that the Defendants are able to bring counterclaims against all of the unnamed class members, this Court could, if necessary, certify a subclass of class members who are subject to the Defendants' counterclaims. At the present time, however, certification of the Plaintiffs' class is proper, and certification of a subclass is unnecessary.

September 6, 2001 Certification Opinion and Order at 20–21, 23.

On June 21, 2002, the Plaintiffs filed an Amended Complaint, adding Richard Durst and Stephen Russi as Defendants, as well as claims against them for breach of fiduciary duty. The Defendants answered the Amended Complaint on July 3, 2002. Along with their Amended Answer, they asserted Counterclaims against absent class members. In particular, Count IV of D & A's Counterclaims alleges that the absent class members, identified in Exhibit D attached to the Counterclaims, materially breached their Lease/Purchase Agreements and failed to make payment due under those agreements. Count II of Arctic's Counterclaims alleges that the absent class members, identified in Exhibit F attached to the Counterclaims, materially breached their Independent Contractor Agreements and failed to make payments owed thereunder. The Defendants seek damages for their Counterclaims.

This matter is now before the Court on the Plaintiffs' Motion to Dismiss Counterclaims Against Absent Class Members for Lack of Subject Matter Jurisdiction.

## III. STANDARD OF REVIEW

The Plaintiffs have brought their Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). Under Rule 12(b)(1), a motion to dismiss based on subject matter jurisdiction can fall into two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). Facial attacks question the sufficiency of the pleading. *Id.* Review of such a motion must take the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *Id.* A factual attack, however, is a challenge to the factual existence of jurisdiction. *Id.* In considering a motion that questions the factual existence of subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations" set forth in the pleading. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990).

A court reviewing a factual attack must resolve any factual disputes by weighing the evidence that gives rise to the controversy to determine whether a factual predicate for subject matter jurisdiction does or does not exist. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990); *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325. To resolve disputed jurisdictional facts, the Court may, in its discretion, allow affidavits, documents, and even a limited evidentiary hearing. *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325. The party opposing a factual Rule 12(b)(1) motion has the burden of proving jurisdiction and may not rest on factual assertions in its pleadings. *Moir*, 895 F.2d at 269.

Rule 12(h)(3) also provides for dismissal "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter...." FED.R.CIV.P. 12(h)(3).

## IV. ANALYSIS

The Plaintiffs contend that this Court has already ruled that the Counterclaims asserted by the Defendants against absent class members are not compulsory claims under Rule 13 of the Federal Rules of Civil Procedure.[2] They assert that, because the claims are permissive, the Defendants must demonstrate an independent basis for this Court's jurisdiction to hear those claims, separate and apart from the Court's jurisdiction over the Plaintiff's claims. Accordingly, they argue that the Counterclaims must be dismissed because the Defendants cannot demonstrate any independent basis for federal jurisdiction over those Counterclaims.

The Defendants, however, contend that this Court has not yet decided whether the Counterclaims against absent class members are compulsory, and argue that, in fact, the claims are compulsory. They state that, at this point in the litigation, the Court's consideration of the Counterclaims is proper as the absent class members have been identified, and all that remains for the Court is a determination of damages.

▇▇ Contrary to the Defendants' interpretation of this Court's prior orders, the Court has, in fact, already ruled that any counterclaims asserted against absent class members are not compulsory claims under Rule 13. In particular, in ruling on the Plaintiffs' motion to certify the class, the Court stated:

> the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
>
> FED.R.CIV.P. 13.

---

**2.** Rule 13 states, in pertinent part:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of

The unnamed class members are not an "opposing party" under Rule 13(a), and therefore "[a] court may properly conclude that absent class members are not opposing or litigating adversaries for purposes of Rule 13, and therefore Rule 13 is inapplicable in the class context." 1 HERBERT B. NEWBERG AND ALBA CONTE, NEWBURG ON CLASS ACTIONS § 4.34, at 4–146 to 4–147 (3d ed.1992); *see also Johns v. Rozet,* 141 F.R.D. 211, 219 n. 7 (D.D.C.1992).

. . . . .

It is true that this Court has ruled that the counterclaims against the named Plaintiffs are compulsory, but as the unnamed class members are not "opposing parties," this Court's prior holding does not extend to them.

September 6, 2001 Certification Opinion and Order at 21. In its September 6 Order, the Court recognized that, if the Defendants asserted counterclaims against the absent class members, the Court could manage those claims in such a way that would not render it improper to certify the class. In making that statement, however, the Court did not recant its ruling that any counterclaims against absent class members were permissive counterclaims. Rather, the Court simply acknowledged that permissive counterclaims might be asserted if the Defendants could provide the proper basis for doing so.

The Court notes that the Defendants focus a great portion of their Memorandum Contra Plaintiffs' Motion to Dismiss on their argument that the assertion of counterclaims in the class action context is proper. Although such arguments may have been properly before the Court prior to the ruling on the Plaintiffs' motion for class certification, the Court has already considered and rejected these arguments not once, but twice—first when it certified the class, and again when it denied the Defendants' Motion for Reconsideration of the Order certifying the Plaintiffs' class. In its September 6 Opinion and Order, this Court concluded that absent class members are not "opposing parties" for purposes of Rule 13, and that, therefore, any claims against them are not compulsory. That ruling is the law of the case. The Defendants' arguments apparently presented in an attempt to persuade the Court to alter the law of the case are not properly before the Court, and need not be considered by the Court for a third time in this litigation.

In conjunction with their argument that counterclaims may be asserted against absent class members, the Defendants also contend that, even if such claims were not compulsory at the time the Court certified the class, such claims can properly be asserted at this stage in the litigation because the class members against whom the counterclaims are asserted have been identified and liability has already been determined. The Defendants fail to persuade the Court, however, when they rest on the proposition that "[e]ven those cases squarely holding that absent class members are not 'opposing parties' indicated that such counterclaims would be considered at a later stage of the litigation, i.e. in the event liability is established on the primary complaint." *National Super Spuds, Inc. v. New York Mercantile Exchange,* 75 F.R.D. 40, 43 (S.D.N.Y.1977) (recognizing that even the most well-known court to hold that absent class members are not opposing parties stated its intention to examine counterclaims on a class-member-by-class-member basis when and if liability was determined); *see Allapattah Servs., Inc. v. Exxon Corp.,* 157 F.Supp.2d 1291, 1323 (S.D.Fla.2001) ("The appropriate time to assert counterclaims against individual class members is during the damage phase of the case.").

The Defendants mistake the simple rule, recognized by the foregoing authorities, that counterclaims may be asserted against absent class members after liability has been determined, for the incorrect proposition that the assertion of counterclaims is always proper after liability has been determined. The fundamental principle that the Defendants overlook is that, even at this stage in the litigation, counterclaims may only be asserted if they are otherwise properly before the Court. In other words, the Defendants seem to argue that their Counterclaims are properly asserted simply because they are being asserted at the proper point in the litigation. To the contrary, no matter when counterclaims are asserted, they may only be pursued if the Court has subject matter jurisdiction over such claims. Significantly, even the cases relied on by the Defendants recognize that a valid basis for asserting federal jurisdiction over counterclaims must exist, even when those claims are brought at the proper time. *See Allapattah Servs., Inc.*, 157 F.Supp.2d at 1322–23 (discussing the court's subject matter jurisdiction over the defendants' claims for set-off, filed during the claims administration process).

As indicated above, this Court has already determined that any counterclaims asserted by the Defendants against absent class members are permissive, not compulsory, because absent class members are not opposing parties. That finding is not altered by the fact that liability has been determined and absent class members have been identified. *See Allapattah Servs., Inc.*, 157 F.Supp.2d at 1322 (finding that a counterclaim for set-off, pursued during the claims administration process, was a permissive counterclaim). The Court recognizes that some courts have found to the contrary, concluding that, after class members are identified, they may be deemed parties for purposes of Rule 13. *See Rollins v. Sears, Roebuck & Co.*, 71 F.R.D. 540, 543 (E.D.La.1976) (holding that absent class members "are not parties only so long as they are unspecified"). This Court, however, made no such distinction when it ruled that claims against absent class members are permissive. Rather, the Court ruled that such claims are permissive, no matter when they may be asserted.

In light of the fact that the Counterclaims are permissive rather than compulsory, the Court must determine whether an independent basis exists for asserting jurisdiction over the Counterclaims, separate and apart from the Court's jurisdiction over the Plaintiffs' claims. *See Stewart v. Dollar Federal Sav. and Loan Ass'n*, 523 F.Supp. 218, 224 (S.D.Ohio 1981) ("A federal court has ancillary jurisdiction over compulsory counterclaims, while permissive counterclaims must be dismissed unless they independently satisfy federal jurisdictional requirements.") (citations omitted). The Counterclaims asserted by the Defendants are brought under state law. Hence, federal jurisdiction is proper only if the Defendants can establish the necessary amount in controversy and diversity of jurisdiction that is required by 28 U.S.C. § 1332.

This Court has diversity jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). The Court finds it lacks diversity jurisdiction over the Counterclaims attempted to be asserted by the Defendants as they have not met either requirement of 28 U.S.C. § 1332. First, the Defendants have not established diversity of citizenship between themselves and each absent member of the class. Both Arctic and D & A are corporations organized under the laws of the State of Ohio, with their principal place of busi-

ness in Hilliard, Ohio. Of the 4,714 absent class members whose addresses are known, approximately 797, or seventeen percent, also reside in Ohio. Thus, the Defendants have failed to establish complete diversity. *See Caudill v. North Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000) (acknowledging that "the congressionally conferred diversity jurisdiction has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party").

Second, the Defendants cannot establish the minimum $75,000 amount in controversy requirement. The highest amount claimed by Arctic against any absent class member is slightly more than $10,000. Similarly, although D & A did not set forth the specific amount that it alleges to be owed by the absent class members, the Court presumes that it does not seek significantly more in damages than Arctic does, and, specifically, that it does not seek more than $75,000 from any absent class member. The Court makes this presumption in light of the fact that D & A failed to plead the required amount in controversy in its Counterclaims, and failed to assert in its Memorandum Contra Plaintiffs' Motion to Dismiss that it seeks more than $75,000 from any of the absent class members.[3] Accordingly, the Defendants have failed to establish that this Court has subject matter jurisdiction over their Counterclaims. *See Cinalli v. Kane*, 191 F.Supp.2d 601, 606 (E.D.Pa.2002) (recognizing that where the alleged liability of multiple parties is several, the claims against each party must individually satisfy the amount in controversy requirement for diversity jurisdiction).

▪ The Court recognizes that an exception to the rule requiring an independent basis for jurisdiction over permissive counterclaims exists when the counterclaims do not seek affirmative damages, but instead seek only to diminish the amount of the plaintiffs' recovery by way of set-off. *See Allapattah Servs., Inc.*, 157 F.Supp.2d at 1322 ("While a court ordinarily must have an independent basis for subject matter jurisdiction over permissive counterclaims, there is a well-recognized exception to this requirement in the case of a permissive counterclaim that is interposed defensively by way of set-off solely to defeat or reduce a plaintiff's recovery but which does not seek affirmative relief.") (citations omitted). Here, however, the Defendants are not simply seeking to reduce the amount of damages owed to the Plaintiffs. On the contrary, they seek through their Counterclaims an affirmative award of damages. Accordingly, their Counterclaims are not subject to the exception that would allow them to be pursued despite the lack of an independent basis for federal jurisdiction. *See Herrmann v. Atlantic Richfield Co.*, 72 F.R.D. 182, 185 (W.D.Pa.1976) (dismissing the counterclaims that sought affirmative judgments in the absence of an independent basis of federal jurisdiction over such counterclaims, but permitting the defendant to pursue the counterclaims employed defensively, in the nature of set-offs). As the court in *Herrmann* stated of the defendant in that case, Arctic and D & A are, of course, free to pursue their claims in state court, assuming that they can demonstrate that the statute of limitations has not passed.

In light of the fact that the Defendants have failed to establish a basis for this Court's jurisdiction over their permissive

---

**3.** The Court notes, in addition, that the Defendants failed altogether to respond to the Plaintiffs' allegation that no independent basis for asserting federal jurisdiction over the Counterclaims exists. By failing to respond to the Plaintiffs' Motion in this regard, the Court finds that the Defendants conceded this issue.

Counterclaims, the Court **GRANTS** the Plaintiffs' Motion to Dismiss.

### V.  CONCLUSION

Based on the foregoing analysis, the Court **GRANTS** the Plaintiffs' Motion to Dismiss Counterclaims Against Absent Class Members for Lack of Subject Matter Jurisdiction.

**IT IS SO ORDERED.**